UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-91-FDW

| | | |
|---|---|---|
| JOHN LEWIS WRAY, JR., | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| FORREST D. BRIDGES, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on an initial review of the pro se complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages and equitable relief, including exoneration following his conviction on state charges in Cleveland County within this district. See 28 U.S.C. § 1915A(a) and (b). For the reasons that follow, this action will be dismissed.

## I. BACKGROUND

Plaintiff John Wray, Jr. (Wray) was convicted by a jury in Cleveland County Superior Court on or about June 13, 2012, on one count of possession with intent to sell or deliver cocaine, one count of the sale of cocaine, and one count of having attained the status of habitual felon. The superior court sentenced him to a term of 142 to 180 months' imprisonment in the custody of the North Carolina Division of Adult Correction.[1] Petitioner appealed and his convictions and sentence were upheld. State v. Wray, 747 S.E.2d 133 (N.C. Ct. App. 2013), disc.

---

[1] Wray was previously convicted in Cleveland County Superior Court on the charge of possession with intent to sell or deliver cocaine and the habitual felon charge. Wray was proceeding pro se after he had been assigned four court-appointed attorneys who were later discharged and the trial court found that he had therefore forfeited his right to counsel. On appeal, the North Carolina Court of Appeals found that Wray exhibited signs of incompetence and his judgment was vacated and the matter remanded for further proceedings, not least of which was to address Wray's competency to represent himself. State v. Wray, 698 S.E.2d 137 (N.C. Ct. App. 2010).

1

rev. denied, No. 395P13, 2013 WL 938949 (N.C. Mar. 6, 2014).

On or about November 25, 2013, while Wray's petition for discretionary review was pending before the Supreme Court of North Carolina, he filed a petition for habeas corpus in this district pursuant to 28 U.S.C. § 2254, in an effort to challenge his convictions and sentence on retrial. Petitioner argued in his § 2254 petition that (1) his state and federal constitutional rights were violated because he was never indicted on the charges for which he was convicted; (2) and because he was out on bond he was not susceptible to indictment; and (3) that the state court lacked jurisdiction because there was no indictment. See (Case No. 1:13-cv-310-FDW). The Respondent filed a motion for summary judgment which this Court granted after finding that Wray's claims were wholly without merit as it was plain that he had been indicted by the Cleveland County grand jury and that the state court had jurisdiction to try him on the charges. Accordingly, the § 2254 petition was dismissed and the Court declined to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases. (Id., Doc. No. 15: Order, filed March 11, 2014). On March 26, 2014, the Court denied Petitioner's motion for reconsideration. (Id., Doc. No. 19).

## II. DISCUSSION

In his complaint, Wray again challenges his successful state prosecution on the charges which have been discussed above. Wray names the presiding superior court judge, a district attorney and an assistant district attorney, five court-appointed attorneys, and Mark Davis whom he identifies as a former Sergeant in charge of the jail during the time he faced prosecution. Wray renews his challenges regarding the fact of his indictment on the charges upon which he was convicted and contests the actions of the defendants while his charges were pending initially, and following remand for a new trial. In his claim for relief Wray seeks, among other

things, a declaratory judgment that his due process and equal protection rights were violated; monetary damages in the amount of $30,000,000 based on his contention that the defendants willfully and unlawfully violated his constitutional rights; and finally, because Wray contends that he is illegally detained on his convictions, an order expunging the convictions and immediate release. (Case No. 1:14-cv-91-FDW, Doc. No. 1 at 5).

It is well-settled under the principles announced by the Supreme Court in Heck v. Humphrey that a plaintiff cannot receive damages or equitable relief for an allegedly unconstitutional conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. 512 U.S. 477, 486-87 (1994). See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005); see also Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that Heck principles applies to both § 1983 and Bivens actions). Thus, the Court must consider whether a judgment in Wray's favor would necessarily imply the invalidity of his convictions. If it would, then the Court must dismiss the complaint unless Wray can demonstrate that one or more of the convictions have already set aside or vacated. Heck, 512 U.S. at 487.

As noted, Wray's efforts to set aside or vacate his convictions failed before the state court and this Court dismissed his § 2254 petition, which raised the same substantive arguments regarding the phantom indictments and his prosecution, and as of April 25, 2014, it does not appear that a notice of appeal from that order has been filed. The Court finds that as Wray has offered no evidence that his convictions have been set aside, expunged or vacated that his claim for damages or relief based on his state convictions must fail.

Wray's complaint should be dismissed for a second reason because eight of the nine defendants he names are entitled to immunity from suit when considering the facts that he alleges. See, e.g., Stump v. Sparkman, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune

from liability for his judicial acts even if his exercise is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 n.12 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear or consequences.'") (internal citation omitted). Accordingly, the complaint against Judge Bridges must be dismissed.

Likewise, the district attorneys must be dismissed from this suit because Wray fails to allege any facts which could tend to show that they were operating outside the scope of their prosecutorial duties. See Imbler, 424 U.S. at 421-23. Wray's claims against his court-appointed attorneys also fails because he has not alleged any facts to support a claim that they were doing anything other representing him in his criminal proceedings. See Polk Cnty. v. Dodson, 454 U.S. 312, 317-121 (1981) (finding that privately retained or publicly appointed lawyers do not become a state actor under § 1983 by virtue of their representation). That Wray may be dissatisfied with their representation will not transform the attorneys into state actors.

Finally, Sgt. Mark Davis will be dismissed because the only allegation against him appears to be that in February 2008, following his arrest, Sgt. Davis did not promptly arrange for his release after he was granted bail. Wray's complaint was filed some six years after this allegation arose and would certainly be barred by the statute of limitations. "Because there is no statute of limitations applicable to suits under § 1983" the courts will look to the relevant state limitation period to determine whether a claim may be time-barred. National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991) (internal citation omitted). It would appear from Wray's complaint that he may be asserting a claim of false imprisonment and under North

4

Carolina law such a claim must be brought within three years of the alleged incident. See N.C. Gen. Stat. § 1-52(19). Accordingly, Wray's claim against Sgt. Davis, such as it is, would be time barred and it will be dismissed.

### III. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff Wray has not demonstrated that he is entitled any relief in this § 1983 proceeding and his complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED.** (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

Signed: April 25, 2014

Frank D. Whitney
Chief United States District Judge