UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-91-FDW

| | |
|---|---|
| JOHN LEWIS WRAY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| FORREST D. BRIDGES, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's "Motion for Reconsideration" of the Order dismissing his § 1983 complaint for failure to state a claim which was filed on April 25, 2014. (Doc. No. 4).

On April 8, 2014, Plaintiff filed a § 1983 complaint in an effort to challenge his State convictions in Cleveland Count Superior Court and named the presiding superior court judge, a district attorney, several court-appointed attorneys and Mark Davis, whom he identified as a sergeant in the jail where he was confined. The Court found that Plaintiff had plainly failed to state a claim for relief because he could not demonstrate that his convictions had been expunged, overturned or set aside. See (Doc. No. 4: Order) (citing Heck v. Humphrey, 512 U.S. 477, 486-87 (1994))[1]. Plaintiff did not appeal from the Order of dismissal.

Instead he filed the present motion on August 14, 2014, and again challenges the legality of the criminal prosecution. Because his motion was filed more than 28-days after entry of judgment, the Court finds that Plaintiff's motion should be considered under Rule 60(b) of the Federal Rules of Civil Procedure which provides as follows:

> b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On

---
[1] The findings and conclusions from this Order are fully incorporated herein.

1

motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

The Court has examined Plaintiff's motion and finds that he has not presented any reason why he should obtain relief from the Order dismissing his § 1983 complaint. Accordingly, Plaintiff's motion for reconsideration will be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. (Doc. No. 17).

Signed: August 29, 2014

Frank D. Whitney
Chief United States District Judge